Arthur G. Klein, J.
The plaintiff brings this action to recover from the defendant, New York Mercantile Exchange, the sum of $8,000 which the defendant admittedly received and is now holding. The plaintiff claims this sum by virtue of a letter of instructions from one Charles Lepore to pay over to the plaintiff $8,200, all the proceeds of the sale of a seat on the New York Mercantile Exchange. The plaintiff makes no claim to actual ownership of the seat although it might be spelled out from his testimony that he had either advanced money to Lepore to enable the latter to purchase the seat, or that lie had previously had a seat which was subsequently transferred into the name of Lepore. The ticket evidencing ownership, and the seat itself, were issued in the name of Lepore.
Since the Exchange does not question the letter, partial summary judgment has been granted in favor of the plaintiff in the sum of $4,183, and there is now before the court the balance of the $8,200, to wit, the sum of $4,037. The interpleaded defendant, Edelstein & Co., also a member of the Exchange, has made a claim for $4,037, by virtue of its claim for that amount against Lepore. On August 10, 1960, Edelstein served on the Exchange a notice in writing advising the Exchange that Edelstein was claiming this money because of moneys advanced to the Exchange on behalf of Lepore, and brokerage fees owed to it by Lepore by virtue of Edelstein carrying the losses of the trades sustained by Lepore. The seat in question was sold on or about August 17, 1960. It is clear from the evidence that by the rules of the Exchange the ownership of a seat is subject to the lien and prior claim of other members of the Exchange, for sums due them as brokers in trading on said Exchange, There is no dispute that Edelstein filed a claim against Lepore’s seat in the amount of *747 $4,037, prior to the sale of the seat. The amount of Lepore’s indebtedness to Edelstein was established at the trial.
The second separate and distinct defense asserted by the plaintiff in his reply to the counterclaims of the interpleaded defendant, Edelstein, that the indebtedness allegedly due and owing by Lepore to Edelstein was incurred and continued in violation of the law and as such is contrary to public policy has not been sustained. Even if it could be said that the plaintiff sustained the burden of proof as to the failure of Edelstein to collect the required margins from Lepore during the period involved, and I do not find this to be the fact, the failure of a broker to enforce margin requirements imposed by the rules of an Exchange or the extension of credit to the customer in violation of such rules does not give rise to any cause of action in favor of the customer against the broker (Nichols & Co. v. Columbus Credit Corp., 204 Misc. 848, affd. 284 App. Div. 870; Weis & Co. v. Offenberger, 31 Misc 2d 628). The action has been disposed of as to the defendant Exchange by the stipulation placed on the record at the beginning of the trial, which in effect makes it a “ stakeholder Judgment is accordingly awarded to the interpleaded defendant Edelstein & Co. in the amount of $4,037, with interest from August 17,1960.